IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THEODARE WILLIAMS on Behalf of Himself and All Others Similarly Situated, | ) | Class & Collective Action |
| Plaintiffs, | ) | |
| vs. | ) | CAUSE NO. 1:26-cv-1125 |
| LEADER FREIGHT SYSTEMS, INC., DANILO TOSIC, and FILIP MILIVOJEVIC, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

This is a Class and Collective Action brought on behalf of all former and current truck drivers who worked for Defendants, Leader Freight Systems, Inc. ("LFS"), Danilo Tosic, and Filip Milivojevic ("the Class" and "the Collective Action").

## I. Parties

1. Each member of the Class and Collective Action and is or was a truck driver who worked for LFS, Mr. Tosic and Mr. Milivojevic at all times relevant to this action.

2. Plaintiff, Mr. Williams, is a resident of Thorton, Colorado.

3. Defendant, LFS, is an incorporated company that is headquartered in Indianapolis, Indiana.

4. Defendant, Mr. Tosic, is a shareholder of LFS.

5. Mr. Tosic is the President of LFS.

6. Mr. Tosic determines the compensation of the truck drivers of LFS.

7. Defendant, Mr. Milivojevic is a shareholder of LFS.

8. Mr. Milivojevic assists in managing LFS.

9. Mr. Milivojevic determines the compensation of the truck drivers of LFS.

## II. Jurisdiction and Venue

10. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA, as allowed by 29 U.S.C. §216.

11. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

12. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III. Class and Collective Action Allegations

13. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of Defendants and were not paid at least minimum wages for a workweek ("the Collective Action").

14. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of Defendants and had monies illegally deducted from their wages ("the Class").

15. The members of the Class and Collective Action are or were truck drivers of Defendants.

16. The members of the Class Action did not sign assignments permitting the deduction of escrow monies from their wages.

17. The members of the Class Action did not sign assignments permitting the deduction of monies from their wages.

18. The members of the Class Action had monies deducted from their wages for escrow.

19. The members of the Class Action had monies deducted from their wages for insurance.

20. The members of the Class Action had monies deducted from their wages in violation of Indiana's Wage Deduction Statute.

21. The members of the Class Action had monies deducted from their wages for reasons not permitted by Indiana law.

22. Upon information and belief, the Rule 23 Class consists of more than 40 potential class members which satisfies Rule 23(a)(1).

23. The claims of the potential Class members derive from common operative facts and a common course of conduct which satisfies Rule 23(a)(2).

24. The claims of the potential Class members are based upon the same legal theory arising from a common course of conduct which satisfies Rule 23(a)(3).

25. Proposed Class Counsel is experienced in representing Class claims and prosecuting claims under the Wage Dedection Statute which satisfies Rule 23(a)(4).

26. The members of the Collective Action were not paid at least minimum wages in a workweek.

27. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of

members of the Class Action should be in the business records of Defendants. Notice may be provided to members of the Class Action or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

28. Mr. Williams was an employee of LFS.

29. Mr. Williams was an employee of Mr. Tosic.

30. Mr. Williams was an employee of Mr. Milivojevic.

31. Mr. Williams began working for Defendants on February 3, 2026.

32. Defendants agreed to pay Mr. Williams by the mile.

33. Defendants agreed to pay Mr. Williams commissions.

34. Mr. Williams did not sign a document permitting Defendants to take monies from his compensation for escrow.

35. Defendants deducted monies from the wages of Mr. Williams for escrow.

36. Mr. Williams did not sign a document permitting Defendants to take monies from his compensation for insurance.

37. Defendants deducted monies from the wages of Mr. Williams for insurance.

38. Mr. Williams earned commissions while working for Defendants.

39. Defendants failed to pay Mr. Williams for certain commissions earned during the course of his employment.

40. Mr. Williams earned mileage while working for Defendants.

41. Defendants failed to pay Mr. Williams for certain mileage earned during the course of his employment.

42. Defendants failed to pay Mr. Williams at least minimum wages for his last workweek he worked for Defendants.

43. Defendants did not have a good faith reason for taking monies from the compensation of Mr. Williams for escrow.

44. Defendants did not have a good faith reason for taking monies from the compensation of Mr. Williams for insurance.

45. Defendants did not have a good faith reason for failing to pay all commissions earned by Mr. Williams.

46. Defendants did not have a good faith reason for failing to pay all mileage earned by Mr. Williams.

47. Defendants terminated Ms. Williams on March 23, 2026.

48. The wage claims of Mr. Williams were referred to counsel for Plaintiff by the Office of the Attorney General in conjunction with the Department of Labor on May 8, 2026..

**Count I – Collective Action**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

49. Plaintiff incorporates paragraphs 1 through 48 by reference herein.

50. As an over-the-road truck drivers, Plaintiff and the proposed Collective Action members worked in interstate commerce.

51. LFS was/is an employer pursuant to the FLSA.

52. Mr. Tosic was/is an employer pursuant to the FLSA.

53. Mr. Milivojevic was/is an employer pursuant to the FLSA.

54. Mr. Tosic made the decision to not pay minimum wages to the Plaintiff and the proposed Collective Action members.

55. Mr. Milivojevic made the decision to not pay minimum wages to the Plaintiff and the proposed Collective Action members.

56. Plaintiff has been damaged by Defendants' violations of the FLSA

WHEREFORE, Plaintiff and the Collective Action pray that the Court:

A. Enter an award for Plaintiff and the Collective Action for the minimum wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II – Class Action**
**Wage Deduction Statute**

57. Plaintiff incorporates paragraphs 1 through 56 by reference herein.

58. Plaintiff and the members of the Class had monies deducted from their compensation without written assignments.

59. Plaintiff and the members of the Class had monies deducted from their compensation for escrow, insurance and other reasons not permitted by the Wage Deduction Statute.

60. Plaintiff and the members of the Class have been and continue to be damaged by Defendants' violations of the Wage Deduction Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim.

C. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III – Alternative Individual Claim**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

61. Plaintiffs incorporate paragraphs 1 through 60 by reference herein.

62. As an over-the-road truck driver, Plaintiff worked in interstate commerce.

63. LFS was/is an employer pursuant to the FLSA.

64. Mr. Tosic was/is an employer pursuant to the FLSA.

65. Mr. Milivojevic was/is an employer pursuant to the FLSA.

66. Mr. Tosic made the decision to not pay minimum wages to the Plaintiff.

67. Mr. Milivojevic made the decision to not pay minimum wages to the Plaintiff.

68. Plaintiff has been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the minimum wages owed to him during the course of his employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count IV – Alternative Individual Claim**
**Wage Claims Statute**

69. Plaintiffs incorporate paragraphs 1 through 68 by reference herein.

70. Plaintiff was not paid all his wages due and owing to him during his employment.

71. Defendants took illegal deductions from the wages of Plaintiff.

72. Plaintiff has damaged by Defendants' violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**IV. Jury Demand**

73. Plaintiff incorporates paragraphs 1 through 72 by reference herein.

74. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Proposed Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 289-0483
E-mail: rweldy@weldylegal.com